TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00232-CR







Bisente Gaitan, Jr., Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 51ST JUDICIAL DISTRICT


NO. CR93-0609-A, HONORABLE BARBARA WALTHER, JUDGE PRESIDING







PER CURIAM


 A jury found appellant guilty of conspiring to commit murder and assessed
punishment at imprisonment for fifteen years. Penal Code, 63d Leg., R.S., ch. 399, sec. 1,
§ 15.02, 1973 Tex. Gen. Laws 883, 910 (Tex. Penal Code Ann. § 15.02, since amended); Penal
Code, 63d Leg., R.S., ch. 399, sec. 1, § 19.02, 1973 Tex. Gen. Laws 883, 913, amended by Act
of May 28, 1973, 63d Leg., R.S., ch. 426, art. 2, § 1, 1973 Tex. Gen. Laws 1122, 1123 (Tex.
Penal Code Ann. § 19.02, since amended).

 Around 2:30 a.m. on February 27, 1993, shots were fired from a passing car into
a house at 413 East 14th Street in San Angelo. The house was the residence of John and Mike
Chapoy and several members of their family. The car from which the shots were fired belonged
to appellant. As the car drove away from the Chapoy house, it crashed into another vehicle
parked in the street and its two occupants fled on foot. A few minutes later, a police officer
encountered appellant at 308 East 12th Street, four blocks from the site of the shooting. He was
sweating profusely and was out of breath. Appellant told the officer that his car had been stolen
and that he had been chasing it on foot. The officer drove appellant to 413 East 14th, where the
witness who saw the men running from the car told the officer that appellant's clothing matched
that worn by the driver of the car. Another officer at the scene saw appellant make "gang signs"
toward members of the Chapoy family. John Chapoy testified that he and his brother "had gotten
into arguments" with appellant and other members of the Bisente family during the preceding
three years.

 The jury found that appellant and another, unidentified person conspired to murder
John and Mike Chapoy and, in furtherance of that agreement, fired the shots into the Chapoy
residence. Appellant concedes that the State's evidence, if believed, established each element of
the charged offense. Nevertheless, appellant argues that the State's evidence fails to disprove a
reasonable alternative hypothesis that is inconsistent with the jury's verdict. Appellant relies on
the testimony of his nephews, Ruben and Juan Gaitan, who testified that they took appellant's car
without his knowledge and fired the shots into the Chapoy house.

 In determining the legal sufficiency of the evidence to support a criminal
conviction, the question is whether, after viewing all the evidence in the light most favorable to
the verdict, any rational trier of fact could have found the essential elements of the offense beyond
a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979); Geesa v. State, 820 S.W.2d 154
(Tex. Crim. App. 1991); Griffin v. State, 614 S.W.2d 155 (Tex. Crim. App. 1981). The
"reasonable hypothesis analytical construct" on which appellant relies has been disapproved and
is no longer used by appellate courts as a test for the legal sufficiency of the evidence. Geesa,
820 S.W.2d at 161. As trier of fact, the jury was free to disbelieve the testimony of Ruben and
Juan Gaitan and we will not second-guess the jury's credibility determination. 

 Viewed in the light most favorable to the verdict, the evidence is sufficient to
sustain the judgment of conviction. The point of error is overruled and the judgment is affirmed.


Before Chief Justice Carroll, Justices Aboussie and Jones

Affirmed

Filed: March 15, 1995

Do Not Publish